# EXHIBIT 1

1  RICHARD H. RAHM, Bar No. 130728
   KAI-CHING CHA, Bar No. 218738
2  PERRY K. MISKA, JR, Bar No. 299129
   LITTLER MENDELSON, P.C.
3  333 California Street, 34th Floor
   San Francisco, CA 94104
4  Telephone:    415.433.1940
   Facsimile:    415.399.8490
5
   Attorneys for Defendant
6  COVENANT TRANSPORT, INC.

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF TENNESSEE

10                  CHATTANOOGA DIVISION

11

12  TAMI LONG, individually and on behalf    Case No. 1:15-cv-00278-TRM-SKL
    of all others similarly situated,
13                                           Judge: Hon. Travis R. McDonough
                    Plaintiff,
                                             **JOINT STIPULATION OF CLASS
14          v.                               ACTION SETTLEMENT AND RELEASE**

15  COVENANT TRANSPORT, INC., a
    Tennessee corporation,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

This Joint Stipulation of Class Action Settlement and Release ("Stipulation of Settlement" or "Settlement") states the proposed terms of the class action settlement of *Tami Long, et. al., v. Covenant Transport, Inc.*, Case No. 1:15-cv-00278-TRM-SKL (the "Action"). The terms stated below are agreed to and binding on Plaintiff Tami Long ("Plaintiff"), and Defendant Covenant Transport, Inc. ("Defendant") (collectively, the "Parties"). Once approved by the Court, the Settlement will be binding on Plaintiff, Defendant, and on the Settlement Class (as defined below) that Plaintiff purports to represent, under the terms stated herein.

**SUMMARY OF THE LITIGATION AND SETTLEMENT**

1.     On August 17, 2015, Plaintiff Tami Long sued Defendant Covenant Transport, Inc., in the Los Angeles Superior Court, Case No. BC591375 (the "Compliant"), which Defendant removed to the United States District Court, Central District of California on September 17, 2015. On October 2, 2015, the Parties stipulated to transfer the Action to the U.S. District Court for the Eastern District of Tennessee in Chattanooga, under 28 U.S.C. § 1404(a). On behalf of herself and all other truck drivers employed by Defendant who were paid on a piece-rate basis and who drive or drove routes in California, Plaintiff alleges in her Complaint causes of action under California law for:  (1) Failure to pay separately and hourly for time spent by drivers on rest breaks and on-duty not driving time; 2) Failure to provide paid rest periods and pay missed rest break premiums; (3) Failure to provide meal periods; (4) Failure to provide accurate wage statements; (5) Waiting time penalties; (6) Failure to reimburse business expenses; (7) Penalties under the Labor Code Private Attorney Generals Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq.*; and (8) Violation of California Business and Professions Code sections 17200, *et seq.* (the "UCL").

2.     Plaintiff claims the causes of action in her Complaint have merit.  Defendant denies Plaintiff's causes of action have merit, denies any liability or wrongdoing, and denies Plaintiff is entitled to relief under any of the statutes cited in those causes of action.  Defendant also denies that, for any purpose other than settling these matters, these actions are appropriate for class treatment.  Defendant maintains it has complied with California law in all aspects.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

1        3.      Class Counsel (defined below) has conducted a thorough investigation into the

2  facts of the Complaint and has diligently pursued an investigation of Plaintiff's and Class Members'

3  claims against Defendant.  As part of informal discovery in advance of a private mediation,

4  Defendant produced, and Class Counsel reviewed, wage statements, wage and hour policies and

5  Plaintiff's personnel records.  Defendant also produced data and information about the size of the

6  Settlement Class and their percentage of routes in California. The Parties recognize the issues in the

7  Action are likely only to be resolved with extensive and costly proceedings; recognize that further

8  litigation will cause inconvenience, distraction, disruption, delay and expense disproportionate to the

9  potential benefits of litigation; and recognize the risk and uncertainty of the outcome inherent in any

10  litigation.  Based on their own independent investigation and evaluation, Class Counsel is of the

11  opinion that the Settlement with Defendant for the consideration and on the terms in this Stipulation

12  of Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all

13  known facts and circumstances, including the risk of significant delay, defenses asserted by

14  Defendant, and numerous potential appellate issues.  Likewise, while Defendant specifically denies

15  all liability in the Action, it has agreed to enter into this Stipulation of Settlement to avoid the cost

16  and business disruption associated with further defending the Action.

17        4.      On June 14, 2016, Defendant, Defendant's Counsel (defined below) and Class

18  Counsel, on behalf of the Plaintiff and the putative class, participated in a mediation conducted by

19  Michael Dickstein, a highly-respected national neutral mediator specializing in wage and hour

20  mediations, to resolve all disputes related to the Action.  With Mediator Dickstein's assistance, the

21  Parties agreed, subject to approval of this Court, to a Settlement (defined below) of the Action.  The

22  Parties further agreed to enter into this Agreement (defined below) to memorialize their settlement of

23  the Action.

24        5.      Plaintiff is represented by: Craig J. Ackermann of Ackermann & Tilajef, P.C.;

25  Jonathan Melmed, of Melmed Law Group, P.C.; and Barry Goldstein, who is of counsel to

26  Goldstein, Borgen, Dardarian & Ho, but who participated in his individual capacity as a consultant

27  to putative Class Counsel and to their local counsel Donna Mikel of Burnette, Dobson & Pinchak in

28  Chattanooga, Tennessee.  The Parties agree to request these counsel be appointed by the court as

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

counsel for the Settlement Class, as defined herein, and are collectively referred to as "Class Counsel." Counsel for the Defendant in the Action are Richard H. Rahm, Kai-Ching Cha and Perry K. Miska of Littler Mendelson, P.C. ("Defendant's Counsel").

6.      The Parties have agreed to fully, finally, and forever compromise and settle all claims asserted in the Action.  To achieve a complete release of Defendant, each Settlement Class Member acknowledges this Stipulation of Settlement is intended to include in its effect all claims raised in the Action or that could have been raised based on the facts alleged in the Action, including: 1) failure to pay separately and hourly for time spent by drivers on rest breaks and on-duty not driving time; 2) failure to provide paid rest breaks and to pay premium wages for missed rest breaks; 3) failure to provide meal periods or compensation in lieu thereof; 4) failure to reimburse business expenses; all derivative claims, such as failure to timely pay wages due at termination; failure to provide accurate wage statements; and all like claims arising under federal, state, and local law, including but not limited to the California Labor Code; the UCL; PAGA; the California Industrial Welfare Commission Wage Orders; and all civil and statutory penalties arising from the foregoing, including, but not limited to those under the  California Labor Code.

## IDENTIFICATION AND DEFINITION OF THE CLASS

7.      <u>Class</u>:  The Parties agree and offer to stipulate that a single Settlement Class be approved by the Court, defined as follows:

> All current and former California-resident truck drivers who were employed by Defendant at any time during the period from August 17, 2011, to the date of preliminary approval, or within six months of the Parties' June 14, 2016 mediation date, whichever is sooner.

The persons identified in this paragraph are "Class Members" and are collectively referred to as "the Class."  As of June 14, 2016, there were estimated to be 1,841 members of the Class.

8.      <u>Settlement Class Period</u>:  The Settlement Class Period for the Class is from August 17, 2011 through the date of preliminary approval, or within six months of the Parties' June 14, 2016 mediation date, whichever is sooner ("Settlement Class Period").

9.      <u>Certification for Settlement Purposes Only</u>:  The Parties stipulate and agree to the certification of the Class for settlement purposes only.  This Stipulation of Settlement will not

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

1    constitute, in this or any other proceeding, an admission of any kind by Defendant that certification

2    of a class is appropriate for purposes other than this settlement.

3    **TERMS OF THE SETTLEMENT**

4    10.    All claims, damages, or causes of action alleged or that could have been

5    alleged based on the facts in the Complaint will be settled and compromised under the terms and

6    conditions in this Stipulation of Settlement, as approved by this Court.

7    11.    This Settlement is non-reversionary but it includes the payment to Settlement

8    Class Members on a claims-made basis. All currently employed California-resident drivers, as of

9    preliminary approval will be identified and treated automatically as "Qualified Claimants" without

10    the need for them to submit a Claim Form. The Claims Administrator will distribute Claim Forms to

11    all formerly employed California-resident drivers and those who properly complete the Claim Form

12    (as described in Paragraphs 35 and 36) and return it to the Claims Administrator (as defined in

13    Paragraph 30) in a timely manner will also be deemed "Qualified Claimants." Formerly employed

14    California-resident drivers will become entitled to the Individual Settlement Payment only if they

15    have timely submitted their respective Claim Forms. The Settlement requires Defendant to make

16    payments to Qualified Claimants according to a specified formula based on the number of pay

17    periods worked.

18    12.    The "Gross Settlement Amount" will mean Five Hundred Thousand Dollars

19    and No Cents ($500,000.00), to be paid by Defendant under this Agreement and available to pay all

20    amounts provided for under this Agreement, including: (1) Class Counsel's fees and costs (up to 1/3

21    of the Gross Settlement Amount for attorneys' fees, plus up to an additional $15,000 in litigation

22    costs); (2) an enhancement award to Plaintiff in the amount of Eight Thousand Dollars and No Cents

23    ($8,000.00); (3) all fees and costs of administering the Settlement; (4) payment to the California

24    Labor Workforce Development Agency in the amount of Five Thousand Dollars and No Cents

25    ($5,000.00); (5) the employee portion of payroll taxes; and (6) all Settlement Payments to Qualified

26    Claimants. Defendant will pay the employer-side portion of payroll taxes in addition to the Gross

27    Settlement Amount.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.

1       13.      The "Net Settlement Amount" will be calculated by deducting from the Gross

2  Settlement Amount of Five Hundred Thousand Dollars ($500,000.00) the following sums: (1) Class

3  Counsel's fees up to $166,650.00, which is 33.33% of the Gross Settlement Amount, subject to

4  Court approval; (2) past, present and future reasonable Class Counsel's litigation costs up to

5  $15,000.00, subject to Court approval; (3) an enhancement award to Plaintiff of $8,000.00, subject to

6  Court approval to be reported on an IRS Form 1099 basis; (4) a payment to the LWDA in

7  association with the release of claims under California Labor Code, section 2698, et seq., in the

8  amount of $5,000.00; (5) the employee portion of payroll taxes; and (6) claims administration costs

9  estimated not to exceed $28,000.

10       14.      The Gross Settlement Amount is premised on the understanding there are

11  approximately 1,841 Class Members eligible to participate in the Settlement. If, by the date of

12  Preliminary Approval, the total number of Class Members exceeds the original estimate by 15%,

13  then Plaintiff in his discretion shall have the right to void this agreement, unless Defendant agrees to

14  increase proportionally the payment for each person above the 15% additional amount of Class

15  Members. Defendant agrees to provide counsel for Plaintiff with an updated list of members of the

16  Settlement Class prior to the preliminary approval hearing date.

17       15.      Defendant agrees to make payments to Qualified Claimants (as defined in

18  Paragraph 11) out of the Net Settlement Amount, under terms of this Settlement (the "Settlement

19  Class Member Payouts"). Settlement Class Member Payouts will be calculated based on the number

20  of pay periods worked during the Settlement Class Period. Settlement Class Member Payouts from

21  this Settlement will be calculated by the Claims Administrator and paid out set forth in Paragraphs

22  17 through 18.

23       16.      To the extent that there are amounts allocated from the Gross Settlement

24  Amount that are not awarded, claimed or used, such amounts will be distributed to the Qualified

25  Claimants pro-rata based on the number of pay periods worked.

26       17.      <u>Settlement Payments</u>: The Claims Administrator will calculate each Qualified

27  Claimant's settlement amount ("Individual Settlement Payment") based upon the number of pay

28  periods worked as follows:

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.

(a)     The number of pay periods of all Class Members ("Total Pay Periods").

(b)     The Net Settlement Amount will be divided by the Total Pay Periods, and the resulting number will be the "Pay Period Value."

(c)     Each Qualified Claimant's number of pay periods worked will multiplied by the Pay Period Value, and the resulting number will equal each Class Member's "Individual Settlement Payment."

18.     The Claims Administrator will apply the formula set forth here to determine the Individual Settlement Payment of each Qualified Claimant, subject to Defendant providing the Claims Administrator with the necessary data. The Parties acknowledge and agree the formula used to calculate the number of pay periods and individual Settlement Payments does not imply that all of the elements of damages alleged in the Action are not being taken into account. The above formula was devised as a practical and logistical tool to simplify the distribution and claims process. The Parties agree that, under no circumstances will Defendant be obligated to pay any amount under this Agreement to any Class Member other than Qualified Claimants. Except in the event the total number of Class members exceeds the original estimate by 15% or more, the Parties agree that in no event shall Defendant be obligated to pay more than the Gross Settlement Amount in full settlement of the Action, plus the employer-side portion of payroll taxes.

## TAXES AND FULL COMPENSATION

19.     Settlement Payments from the Net Settlement Amount will be designated as payments for: (i) wages, (ii) penalties, and (iii) interest. In consultation, the Parties have determined that each and all Settlement Class Member Payments will be allocated to each Qualified Claimants as 33.33% wages, 33.33% penalties, and 33.33% interest.

20.     Settlement Class Members are responsible to pay appropriate taxes due on the Settlement Payments they receive. IRS Forms W2 and 1099 will be issued to each Settlement Class Member reflecting the payments for wages, penalties and interest, respectively. All Settlement Payments to Qualified Claimants will be deemed paid to such Settlement Class Members solely in the year in which such payments are issued to the Settlement Class Members. Counsel does not

7.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

purport this communication to constitute tax or legal advice. If this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person to avoid penalties under the Internal Revenue Code.

21. Defendant makes no representation on the tax treatment or legal effect of the payments, and Plaintiff and Qualified Claimants are not relying on any statement, representation or calculation by Defendant or by the Settlement Administrator. Plaintiff and Qualified Claimants understand and agree they will be solely responsible for the payment of any taxes and penalties assessed on their respective payments and will defend, indemnify, and hold Defendant free and harmless against any claims resulting from treatment of such payments.

22. The Settlement Payments plus the employer-side portion of payroll taxes on Qualified Claimants' Individual Settlement Payments provided for in this Agreement, are the sole payments to be made by Defendant to the Settlement Class as the result of this litigation. The Settlement Class will not be entitled to any additional compensation or benefits as a result of having receiving amounts under this Settlement. For example, receipt of Settlement Payments will not entitle any Settlement Class Member to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the Settlement Class Period covered by the Settlement. Payments under the Settlement will not entitle a Settlement Class Member to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement.

23. <u>Attorneys' Fees</u>: In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Defendant agrees that Class Counsel may seek from the Gross Settlement Amount attorneys' fees not to exceed $166,650.00 (33.33% of the Gross Settlement Amount) and costs in addition to the attorneys' fees not to exceed $15,000. Class Counsel will apply for fees and costs at the same time it submits to the Court a proposed final order and judgment of dismissal as discussed

8.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

in Paragraph 43 below. Defendant will not object to Class Counsel's application for attorneys' fees in this amount. The attorneys' fees are to compensate Class Counsel for all the work already performed in the Action, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, obtaining dismissal of the Action with prejudice and representing the Class regarding any objections and/or appeals from this Settlement, including any interest.

24. <u>Costs</u>: Subject to final Court approval, Defendant agrees that Class Counsel may seek from the Maximum Settlement Amount past, present and future reasonable litigation costs and expenses they incurred up to a maximum of $15,000.00. Defendant will not object to Class Counsel's application for costs and expenses in an amount not to exceed $15,000.00.

25. The attorneys' fees and costs approved by the Court will be paid to Class Counsel within thirty (30) calendar days following the Effective Date of this Settlement as set forth in Paragraph 28. Any reduction in the amounts of fees or costs awarded by the Court will be allocated to the Net Settlement Amount and will not result in a nullification of the Stipulation of Settlement. If Class Counsel appeals any refusal by the Court to award fees and costs in the amounts requested, payment to the Qualified Claimants will not be delayed.

26. <u>Class Representative Service Payment</u>: Subject to Court approval, Defendant agrees Class Counsel may seek from the Gross Settlement Amount a service payment to Plaintiff in an amount not to exceed Eight Thousand dollars ($8,000.00) for her services as Class Representative and her individual and complete release contained herein. Defendant will not object to Class Counsel's application for a service payment to Plaintiff in this amount. This service payment, which is in addition to Plaintiff's settlement share to which she is entitled with other Qualified Claimants, will be deducted from the Gross Settlement Amount. The Claims Administrator will issue an IRS Form 1099 for the service payment to Plaintiff for her services as Class Representative and her general release of claims, and Plaintiff will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes due on the amount received. Plaintiff will defend, indemnify, and hold Defendant free and harmless against any claims resulting from treatment of her service payment. Plaintiff agrees to pay all taxes due on the service payment. The

9.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1 Claims Administrator will submit the service payments approved by the Court to Plaintiff on the
2 same date Class Counsel is paid their attorneys' fees and costs.

3       27.   <u>Claims Administrator</u>:  The Parties agree that, subject to Court approval, the
4 reasonable costs of the Claims Administrator and notice and/or publication associated with the
5 administration of this Settlement, estimated not to exceed Twenty-Eight Thousand Dollars and Zero
6 Cents ($28,000.00), will be paid from the Gross Settlement Amount.  The Claims Administrator will
7 be CTP Group, Inc.

8 **SETTLEMENT PROCEDURE**

9       28.   Effective Date: The settlement embodied in this Stipulation of Settlement will
10 become effective when all of these events have occurred:  (i) this Stipulation of Settlement has been
11 executed by all Parties; (ii) the Court has given preliminary approval of this Stipulation of
12 Settlement and Release; (iii) notice has been given to the current and former California-resident
13 drivers as provided in this Settlement Agreement; (iv) the Court has entered a final order and
14 judgment certifying the Class for settlement purposes only, dismissing this class action case with
15 prejudice, and approving this Stipulation of Settlement; and (v) the later of these events:  thirty (30)
16 days have elapsed following entry of the Court's final order approving the Settlement; or if any
17 appeal opposing this Settlement has been filed then when any appeal opposing this Settlement has
18 been dismissed finally and conclusively with no right to pursue further remedies or relief, or any
19 appeal has been resolved and upheld the Court's final order approving the Settlement with no right
20 to pursue further remedies or relief plus ten (10) days.  It is the intention of the Parties that the
21 Settlement will not become effective until the Court's order approving the Settlement has become
22 final, and there is no further recourse by any appellant or objector who seeks to contest the
23 Settlement.  Defendant will post the Settlement Funds with the Claims Administrator within 15 days
24 after the Effective Date.

25       29.   <u>Preliminary Approval</u>:  Within forty-five (45) days of execution of this
26 Stipulation of Settlement, the Parties will submit this Stipulation of Settlement to the Court in
27 support of Plaintiff's Motion for Preliminary Approval and determination by the Court as to its

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

fairness, adequacy, and reasonableness and will apply to the Court for the entry of an order substantially in the following form:

     (a)    Scheduling a final approval hearing on whether the proposed Settlement, including payment of attorneys' fees and costs, and the Plaintiff's service payments, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

     (b)    Certifying the Class for settlement purposes only as described herein;

     (c)    Approving as to form and content the proposed Notice of Pendency of Class Action and Proposed Settlement and Claim Form (for the former drivers), substantially in the form attached as Exhibit "A";

     (d)    Establishing the procedures and the deadline by which formerly employed California-resident drivers may submit a Claim Form;

     (e)    Establish the procedure and the deadline by which currently employed California-resident drivers, and formerly employed California-resident drivers may assert objections to, or opt-out of, the Settlement;

     (f)    Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement and Claim Form by first class mail to the Class Members on a date following the last date of the Settlement Class Period;

     (g)    Preliminarily approving the Settlement as clarified herein subject only to the objections of Settlement Class Members and final review by the Court;

     (h)    Preliminarily approving costs of administration payable to the Claims Administrator; and

     (i)    Enjoining Plaintiff and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement) regarding claims that would be released and discharged upon final

11.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1  approval of the Settlement unless and until such Class Members have
2  submitted a valid request for exclusion to the Claims Administrator.
3  Any person who violates such injunction shall pay the costs and
4  attorney's fees incurred by any Released Party as a result of the
5  violation.

6  **CLAIMS ADMINISTRATION**

7  30.    The Parties have agreed to and request that the Court appoint CPT Group, Inc.
8  as Claims Administrator for this Settlement.

9  31.    Defendant will provide to the Claims Administrator data, which lists for each
10  Class Member the Class Member's name, last known address, employment dates during the
11  Settlement Class Period, Social Security Number, and data to determine the number of pay periods
12  worked by the Class Member. This data will be based on Defendant's payroll and available business
13  records in a format acceptable to the Claims Administrator.

14  32.    The Claims Administrator will prepare, print and mail the Notice and the
15  Claim Form (for former drivers) to the Class Members; receive and review the Claim Forms
16  submitted by Class Members to determine eligibility for payment of any Settlement Class Member
17  Payouts and to determine the amount of such payments under the terms and provisions of this
18  Agreement; calculate and pay all payroll tax deductions to be withheld from gross Settlement Class
19  Member Payouts as required under this Agreement and applicable law; keep track of and maintain
20  an accurate record of requests for exclusion from the Class; provide weekly status reports to the
21  Parties' counsel; provide a due diligence declaration for submission to the Court prior to the final
22  approval hearing; mail Settlement Class Member Payout checks to Qualified Claimants; print and
23  provide Qualified Claimants and the Plaintiff with W-2 and 1099 forms as required under this
24  Agreement and applicable law; provide a due diligence declaration for submission to the Court upon
25  completing the Settlement; and will perform such other tasks as the Parties mutually agree or the
26  Court orders. The Parties each represent they have no financial interest in the Claims Administrator
27  or otherwise have a relationship with the Claims Administrator that could create a conflict of
28  interest.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.

1    33.      Within approximately thirty (30) days following preliminary approval of the

2    settlement, a "Notice of Pendency of Class Action and Proposed Settlement" ("Notice") and Claim

3    Form, in approximately the form attached as Exhibit "A," and as approved by the Court, will be sent

4    by the Claims Administrator to the Class Members, by first class mail.  The Notice will include, non-

5    exclusively, information regarding the nature of the Action; a summary of the substance of the

6    Settlement; the Class definition; the date for the final approval hearing; the formula used for the

7    Individual Settlement Payments; the ability to opt out of the settlement and the process for

8    exclusion; and the ability to and process for objecting.  The Notice will include the time period

9    during which the Class Member worked during the Settlement Class Period, a statement of the

10    number of pay periods the Class Member worked as stated in Defendant's records, and the Class

11    Member's estimated Individual Settlement Payment.  If the information in the Notice is disputed, the

12    Class Member disputing the information may produce evidence to the Claims Administrator

13    showing such other number of pay periods he or she contends should be shown on their Notice,

14    through the dispute process described in Paragraph 36, below.  Within ten (10) days following the

15    preliminary approval of the settlement, Defendant shall provide notice of the settlement to all of the

16    state officials and with all of the written materials required by CAFA's notice requirements, as set

17    forth in 28 U.S.C. §1715.

18    34.      <u>Skip-trace for Returned Mail</u>:  If a new address is obtained by way of a

19    returned Notice and Claim Form, then the Claims Administrator will promptly forward the original

20    Notice and Claim Form to the updated address via first-class regular U.S. Mail indicating on the

21    original Notice and Claim Form the date of such re-mailing.  Where a Notice and Claim Form is

22    returned as undeliverable, without a forwarding address, the Claims Administrator will perform a

23    computer/SSN and "skiptrace" search to obtain an updated address.  The Parties agree to cooperate

24    with the Claims Administrator to locate a more recent address for Class Members where necessary.

25    Any Notices and Claim Forms that are re-mailed to any Class Members due to a bad address or for

26    forwarding will be identical to the original Notice and Claim Form, except that it will notify the

27    Class Member that the Claim Form must be returned in thirty (30) days of the re-mailing, or, in no

28    event, later than the expiration of the Claim Submission Period, as defined below.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13.

35. <u>Claims-Made Nature Of The Settlement</u>: Except for currently employed members of the class as of preliminary approval (who shall be Qualified Claimants automatically), the Settlement will be on a claims-made basis, meaning that the Parties agree, covenant, and represent that the Settlement Payments to be distributed of this Agreement will be distributed to Qualified Claimants only. Currently employed California-resident drivers are Qualified Claimants. Formerly employed California-resident drivers will be also be Qualified Claimants, entitled to receive a Settlement Payment, only if the Class Member does all of the following: (i) completes the Claim Form in its entirety; (ii) signs the Claim Form certifying that its contents are true and correct; and (iii) returns the Claim Form postmarked on or before the expiration of the Claim Submission Period. The "Claims Submission Period" will commence on the date Claim Forms are mailed to Class Members and end forty-five (45) days later, on the deadline for submission of Claim Forms. Formerly-employed California-resident drivers who do not properly or timely submit a Claim Form within the Claim Submission Period will not be entitled to any portion of the Net Settlement Amount. As indicated above, the Net Settlement Amount will be calculated after deducting attorneys' fees and costs, claims administration costs, the enhancement award to Plaintiff, and payment to the LWDA.

36. <u>Claims Procedure</u>:

(i) Upon receipt of any Claim Form within the Claim Submission Period, the Settlement Administrator will review the Claim Form to verify the information contained therein, to determine the eligibility of the person submitting the Claim Form to receive a Settlement Class Member Payment, and to determine the net amount of the Settlement Payment to be made under this Agreement. If a Claim Form is defective or incomplete, the Settlement Administrator will promptly notify the Class Member of the defect or deficiency and permit the Class Member to cure the defect by the end of the Claims Submission Period. Any Claim Form cured after the end of the Claims Submission Period will not be effective; provided, however, that if the Settlement Administrator determines that the defect or deficiency is immaterial, and the Settlement Administrator can still process the claim, the Settlement Administrator may in its discretion accept the claim as a timely and valid claim without sending a deficiency notice.

14.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

(ii)     Any Class Member who is a former driver and who fails to submit a timely, complete, and valid Claim Form will be barred from receiving any Settlement Payment under this Agreement.    The Settlement Administrator will not review or consider any Claim Form postmarked after the end of the Claim Submission Period, nor will the Settlement Administrator make any distribution regarding any Claim Form received after the end of the Claim Submission Period.  It will be conclusively presumed that, if a Claim Form is not postmarked on or before the end of the Claim Submission Period, the Class Member did not return the Claim Form in a timely manner.  Under no circumstances will the Settlement Administrator have the authority to extend the deadline for Class Members to file a Claim Form.  The parties may agree through their Counsel, however, in their sole and mutual discretion to accept late-filed Claim Forms, provided that they are received by the administrator before the final approval hearing.

(iii)     The Claim Form will include a procedure by which a Class Member may challenge the number of pay periods identified on his/her Claim Form by submitting a written challenge to the Settlement Administrator, along with the signed Claim Form, by the expiration of the Claim Submission Period.  A Class Member challenging the number of pay period(s) identified on the Claim Form must also submit documentary evidence sufficient to prove the number of pay periods worked during the Class Period.  Defendant shall have the right to respond to the challenge by any Class Member.  The Parties will meet and confer to resolve mutually the challenge to the number of pay periods or any other specifics raised by Qualified Claimants and make a final and binding determination without hearing or right of appeal without hearing.   To the extent the challenges cannot be resolved, they will be submitted to the Court for determination at the Final Hearing Date.

(iv)     Within seven (7) days of the close of the Claim Submission Period, the Settlement Administrator will provide Class Counsel and Defendant's counsel with a report listing the number of Class Members who are Qualified Claimants, including *inter alia* the number of Class Members who filed claims, opt out notices or objections and the total amount of all Settlement Payments to be made to Claimants, and the average and maximum Settlement Payments.   After

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1   receiving the Settlement Administrator's report, Class Counsel and Defendant's counsel will jointly

2   review the same to determine if the calculation of payments to Claimants follows this Agreement.

3       37.   Opt-Out Procedure:   Unless a Class Member opts out of the Settlement

4   described in this Agreement, he/she will be bound by the terms and conditions of this Agreement,

5   and will also be bound by the Court's Order enjoining all Class Members from pursuing, or seeking

6   to reopen, any of the Settled Claims against the Released Parties, regardless of whether he or she

7   timely submits a timely Claim Form.   A Class Member will not be entitled to opt out of the

8   Settlement established by this Agreement unless he or she does all of the following:  (i) makes a

9   proper written request for exclusion from the Settlement; (ii) signs the opt-out request; and (iii)

10  returns the opt-out request so it is postmarked on or before the expiration of the Claim Submission

11  Period.

12          (i)   Upon receipt of any opt-out request within the Claim Submission

13  Period, the Settlement Administrator will review the request to verify the information contained

14  therein, and to confirm that the request complies with the requirements of this Agreement.  The

15  Settlement Administrator will also review its records to determine whether the Class Member

16  submitted a Claim Form.  If a Class Member submits both a Claim Form and opt-out request, the

17  Claim Form will be valid, and the opt-out request rejected.

18          (ii)   Any Class Member who fails to submit a timely, complete and valid

19  request to opt out of the Settlement will be barred from opting out of this Agreement or the

20  Settlement.   The Settlement Administrator will not review or consider any opt-out request

21  postmarked after the end of the Claim Submission Period.  It will be conclusively presumed that, if

22  an opt-out request is not postmarked on or before the end of the Claim Submission Period, the Class

23  Member did not make the request in a timely manner.   A declaration submitted by any Class

24  Member attesting to the mailing of an opt-out request on or before the expiration of the Claim

25  Submission Period will be insufficient to overcome the conclusive presumption that the Claim Form

26  was not postmarked on or before the expiration of the Claim Submission Period.   Under no

27  circumstances will the Settlement Administrator have the authority to extend the deadline for Class

28  Members to file a request to opt out of the Settlement.

16.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1     38.    <u>Objections To The Settlement</u>:  Any Settlement Class Member may object to

2   the Settlement.  Any such objection must be submitted to the Claims Administrator on or before the

3   Claim Submission Period and served on all counsel by the Claim Administrator on, before or

4   shortly following the close of the Claim Submission Period.  Otherwise, such objection will

5   conclusively be deemed waived, and the Settlement Class Member will be barred from asserting any

6   objection.

7     39.    <u>Objections</u>:  Any Class Member who has not submitted a request for exclusion

8   may object to the Stipulation of Settlement, or any portion thereof, by submitting a written objection,

9   and supporting papers, if any, and mailing them to the Claims Administrator at the address set forth

10   in the Notice of Pendency of Class Action and Proposed Settlement and Defendant's Counsel and

11   Class Counsel.  To be timely, all objections must be postmarked by the close of the Claim

12   Submission Period.  Otherwise, such objection will conclusively be deemed waived, and the

13   Settlement Class Member will be barred from asserting any objection.  A written objection must

14   contain the objecting person's full name, current address, and include all objections and the reasons

15   therefore, and include any and all supporting papers (including, without limitation, all briefs, written

16   evidence, and declarations).  In addition, Class Members may appear in person at any hearing on

17   final approval to voice their objections to the Settlement.  A Class Member who desires to object but

18   who fails to comply with the objection procedure set forth herein will be deemed not to have

19   objected.  The Claims Administrator will send all objections and requests for exclusion by .pdf to

20   counsel for Defendant and Class Counsel within 24 hours of receipt.  If a Class Member wishes to

21   appear at the Final Approval Hearing and present his or her objection to the Court orally, he or she

22   may do so.  Any Class Member who files an objection remains eligible to receive monetary

23   compensation from the Settlement.  The Parties will not be responsible for any fees, costs, or

24   expenses incurred by any Class Member and/or his or her counsel related to any objections to the

25   Settlement and/or appeals arising therefrom.

26     40.    If a Class Member first requests exclusion from, and opts out of, the

27   Settlement and then objects, the objections will not be valid.  A Class Member that objects and then

28   requests exclusion from, and opts out of the Settlement, will be deemed to have waived their

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

17.

1  objection. If a Class Member submits both a Claim Form and a request for exclusion or objection,
2  only the Claim Form will be valid.

3       41.   All Class Members who have not submitted a request for exclusion will be
4  deemed to be within the Class for all purposes under this Stipulation of Settlement, and will be
5  bound by the terms and conditions of this Stipulation of Settlement, and all orders issued pursuant
6  thereto, and will be deemed to have waived all unstated objections and opposition to the fairness,
7  reasonableness, and adequacy of this Stipulation of Settlement.

8                              **FINAL APPROVAL**

9       42.   Following the close of the Claims Submission Period, and at least fourteen
10 (14) court days prior to the final approval hearing, Class Counsel will provide to the Court a
11 declaration by the Claims Administrator of due diligence and proof of mailing regarding the mailing
12 of the Notice of Pendency of Class Action and Proposed Settlement and Claim Form.   Upon
13 completion of these steps by the Claims Administrator, and final approval of the Settlement by the
14 Court, and upon confirmation that all CAFA notice requirements have been satisfied (which shall
15 occur at least 90 days before the final approval hearing), Defendant will be deemed to have satisfied
16 its obligation to provide the Notice of Pendency of Class Action and Settlement to the affected
17 member of the Settlement Class.

18      43.   Prior to the final approval hearing, Class Counsel will prepare and, after
19 review and approval by Defendant, submit to the Court a proposed final order and judgment of
20 dismissal:

21           (i)    Approving the Settlement, adjudging the terms thereof to be fair,
22 reasonable and adequate, and directing consummation of its terms and provisions;

23           (ii)   Approving Class Counsel's application for an award of attorneys' fees
24 and reimbursement of costs, including the claims administrator's fees;

25           (iii)  Approving the enhancement award to the Plaintiff;

26           (iv)   Approving the payment to the LWDA for the PAGA portion of the
27 Settlement; and

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

18.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

(v)     Dismissing this action on the merits and with prejudice and permanently barring and enjoining all members of the Settlement Class from prosecuting against the Parties released in this Settlement any individual or class or collective claims released under Paragraphs 49 through 53, upon satisfaction of all payments and obligations in this Settlement.

44.     If the Court does not grant final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appeal, then this Settlement will become null and void and of no further force and effect, and all negotiations, proceedings, and statements relating thereto will be without prejudice as to the rights of any and all parties and their respective predecessors and successors, and such parties will be deemed to have reverted to their respective positions in this Action as of the date and time immediately prior to the execution of this Agreement, and except as otherwise expressly provided, the effect will be the same as if the Agreement was terminated under Paragraph 45 below.

45.     In the event that (a) the Court declines to enter the Preliminary Approval Order or to enter the Judgment or any part thereof as provided for herein; or (b) any material conditions to the Settlement are not satisfied; or (c) the Court disapproves this Settlement in its entirety, or any material term in this Settlement, including any amendments thereto, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (d) the Court approves this Settlement, including any amendments, but any such judgment and approval is finally reversed on appeal, this Settlement will be void and the Preliminary Approval Order and the Final Approval Order and Judgment will be vacated upon application to the Court. In such event, (a) this Settlement (except for Paragraph 59) will be terminated and become void and of no effect; (b) any actions taken or to be taken in connection with this Settlement and the settlement terms will become null and void and of no effect; (c) this Settlement and the settlement terms and any hearings or proceedings will not be referred to or used as evidence for or against any Party or Class Member in this or any other action or proceeding; and (d) all proceedings, including discovery, will resume 45 days thereafter as if this Settlement had not been proposed for approval of the Court. If this Stipulation of Settlement is not finally approved, or the Stipulation of Settlement is otherwise terminated or rendered null and void, the certification of the Class will be automatically vacated. In

19.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Case 1:15-cv-00278-TRM-SKL   Document 42-1   Filed 11/10/16   Page 20 of 44   PageID #: 286

1  such circumstances, Defendant reserve all rights to challenge certification of a class for all purposes

2  in the Action on all available grounds as if no class had been certified. If any monies for attorneys'

3  fees, costs, and expenses have been paid to Class Counsel or any monies for a class representative

4  service payment have been paid to Plaintiff, Class Counsel agree to return immediately such monies

5  within ten (10) business days.

6      46.    If the Court issues a Final Approval Order, this Settlement Agreement will

7  operate as a full, complete, and final release of all the Released Claims of Plaintiff, all Class

8  Members and all Releasing Parties.

9      47.    Upon receipt of funds from Defendant, the Claims Administrator will issue

10  and send out settlement checks to Qualified Claimants. All disputes relating to the Claims

11  Administrator's performance of its duties will be referred to the Court, if necessary, which will have

12  continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all

13  payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

14      48.    Payments to Qualified Claimants will be mailed by the Claims Administrator

15  within twenty (20) calendar days after the Effective Date. Settlement checks will remain valid and

16  negotiable for one hundred and eighty (180) days from the date of their issuance and will

17  automatically be cancelled by Defendant or the Claims Administrator if not cashed by the Qualified

18  Claimants within that time. Any Qualified Claimants who does not cash his/her check within 150

19  days will be sent a letter advising them they have approximately 30 days left to cash their check. If

20  any Qualified Claimants' check is not cashed within that 180 day period, the amount of the un-

21  cashed checks will be deposited with the Department of Industrial Relations Unpaid Wages Fund in

22  California in the name of the Qualified Claimant who failed to cash his or her check. Upon

23  completion of its calculation of payments, the Claims Administrator will provide Plaintiff and

24  Defendant with a report listing the amount of all payments to be made to each Qualified Claimant.

25  **RELEASE BY THE CLASS**

26      49.    This Stipulation of Settlement includes a complete settlement and release of

27  all claims arising from the Action, which were raised or which could have been raised in the Action

28  and/or the claims identified in Paragraph 6, above. The released parties include: (a) all of

20.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Defendant's present and former parent companies, subsidiaries, related or affiliated companies; (b) Defendant's divisions, and (c) the present and former officers, directors, members, managers, shareholders, agents, insurers, operators, partners, joint ventures, franchisees, franchisors, consultants, attorneys, successors or assignees (the "Released Parties").

50. Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, Plaintiff, on her own behalf and as the Class Representative, all members of the Settlement Class and all persons purporting to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest, as well as each member of the Class who has not submitted a valid request for exclusion under Paragraph 37 above (collectively, "Releasing Parties"), fully release and discharge Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, interest, attorneys' fees, damages, action or causes of action under California state law that were raised or could have been raised in the Action arising out of the conduct alleged in the Complaint, including all claims for failure to pay separately and hourly for on-duty not driving time, unpaid rest breaks, rest break premiums, unpaid meal breaks, meal break premiums, failure to reimburse business expenses, and derivative claims that arise under federal, state, and local law, including but not limited to the California Labor Code; the UCL; PAGA; the California Industrial Welfare Commission Wage Orders; and all applicable civil and statutory penalties arising from the foregoing, including, but not limited to those under the California Labor Code. In addition, each member of the Class who does not submit a valid request for exclusion forever agrees that he or she will not institute any action, nor accept back liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendant, for the Settlement Class Period for the claims being released herein.

51. The back of each check issued to the Qualified Claimants will state as follows and provide the California Civil Code section 1542 waiver in Paragraph 52 below: "My signature

21.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1  constitutes a full and complete release by me of the Defendant Covenant Transport, Inc. and their

2  present and former parent companies, subsidiaries, related or affiliated companies, present and

3  former officers, directors, members, managers, shareholders, agents insurers, operators, partners,

4  joint ventures, franchisees, franchisors, consultants, attorneys, and successors or assignees, or any of

5  them, for all claims alleged in the Long v. Covenant Transport, Inc., Case Number 1:15-CV-278

6  against Covenant Transport, Inc. or their predecessor and successor companies, including claims for

7  unpaid wages or premiums, including interest, attorneys' fees and costs, punitive damages or civil

8  penalties under state law for employment in California, for any period in the Settlement Class

9  Period" ("Released Claims").

10  **WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542**

11          52.     Plaintiff acknowledges that she may have claims that are presently unknown

12  and that the release contained in this Settlement Agreement is intended to and will fully, finally, and

13  forever discharge all Released Claims, whether now asserted or unasserted, known or unknown,

14  suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if

15  known, might have affected her decision to enter into this release. Plaintiff will be deemed to waive

16  any and all provisions, rights, and benefits conferred by any law of the State of California, any law

17  of the United States, any other state or territory of the United States, principle of common law or

18  equity, which governs or limits a person's release of unknown claims regarding the Released Claims.

19  In making this waiver, Plaintiff understands and acknowledges that she may discover facts in

20  addition to or different from those that are currently known or believed to be true regarding the

21  subject matter of this release, but agrees that it is her intention to fully, finally, and forever settle and

22  release any and all Released Claims, known or unknown, suspected or unsuspected, which now

23  exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or

24  existence of such additional or different facts. The foregoing waiver includes an express waiver, to

25  the fullest extent permitted by law, by Plaintiff of any and all rights under California Civil Code

26  section 1542. California Civil Code section 1542, which is expressly waived herein, provides:

27          "A general release does not extend to claims which the creditor does
        not know or suspect to exist in his or her favor at the time of executing

28          the release, which if known by him or her must have materially
        22.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

affected his or her settlement with the debtor."

53. Class Members acknowledge that they each may have claims that are presently unknown and that the release contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release based on the facts alleged in the Complaint in the Action. Class Members will be deemed to waive any and all provisions, rights, and benefits conferred by any law of the State of California, any law of the United States, any other state or territory of the United States, principle of common law or equity, which governs or limits a person's release of unknown claims regarding the Released Claims. In making this waiver the Class Members understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true regarding the subject matter of this release, but agree that it is their intention to fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes an express waiver, to the fullest extent permitted by law all Class Members of any and all rights under California Civil Code section 1542 with respect to the claims alleged in the Complaint in the Action. California Civil Code section 1542, which is expressly waived herein, provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

54. In addition to the Released Claims set forth above, Plaintiff additionally releases all claims related to her employment with Defendant, including, but not limited to, all claims related to her employment, conditions of employment, any claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, retaliation, harassment, violation of public policy, constructive discharge, whistle blowing, negligent or intentional infliction of emotional distress, interference with prospective economic advantage or contractual relations,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

23.

unfair business practices, unfair competition, premises liability or other tort or personal injury and arising under any federal, state or local law, statute, ordinance, rule or regulation or Executive Order relating to employment, employment discrimination, employee benefit plans, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, as amended, the Civil Rights Act of 1991, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act of 1985, the California Fair Employment and Housing Act, the California Family Rights Act, the California Business and Professions Code, the California Civil Code, the California Commercial Code and the California Labor Code.

## PARTIES' AUTHORITY

55.     The signatories represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

56.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement will use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel will, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

57.     Defendant and their counsel agree that they will not attempt to encourage Class Members to file a request for exclusion.  It is understood, however, that Class Counsel may provide legal advice and counsel to Class Members who seek such advice from Class Counsel.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

24.

## NO PRIOR ASSIGNMENTS

58.     The Parties and their counsel represent, covenant, and warrant they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged except as set forth herein.

## NO ADMISSION

59.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  All Parties hereto have entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## ENFORCEMENT ACTIONS

60.     If Defendant or Plaintiff, the signatories to this Stipulation of Settlement, institute a legal action or other proceeding against any other Party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful Party or Parties may be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs at the Court's discretion, including expert witness fees incurred in connection with any enforcement actions.  This provision will not apply to any legal action or other proceeding instituted by any person or entity other than Plaintiff or Defendant.

## NOTICES

61.     Unless otherwise specifically provided, all notices, demands or other communications given will be in writing and will be deemed to have been duly given by the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Class:

Craig J. Ackermann
Ackermann & Tilajef
1180 South Beverly Drive, Suite 610

25.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Case 1:15-cv-00278-TRM-SKL   Document 42-1   Filed 11/10/16   Page 26 of 44   PageID #: 292

Los Angeles, CA 90035

Jonathan Melmed
Melmed Law Group, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035

To Defendant:

Richard H. Rahm
Kai-Ching Cha
Perry K. Miska, Jr.
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104

## **CONSTRUCTION**

62. The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and this Stipulation of Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## **CAPTIONS AND INTERPRETATIONS**

63. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## **MODIFICATION**

64. This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance under its terms or by a writing signed by the Parties. Notwithstanding the foregoing, if the Court, as a condition of granting preliminary approval, requires certain modifications to this Agreement or the Class Notice or Claim Form, counsel for the Parties are authorized to enter into a Stipulation consistent with the Court's

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1  requirements to modify this Agreement without having to obtain signatures from the Parties

2  themselves, provided that the modifications are consistent with the Court's order and the Parties

3  have indicated agreement in writing to their Counsel to those modifications.

## INTEGRATION CLAUSE

5  65.  This Stipulation of Settlement contains the entire agreement between the

6  Parties relating to the settlement and transaction contemplated hereby, and upon its full execution by

7  the Parties all prior or contemporaneous agreements, understandings, representations, and

8  statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged

9  herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

11  66.  This Stipulation of Settlement will be binding upon and inure to the benefit of

12  the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

14  67.  It is agreed that because the members of the Class are so numerous, it is

15  impossible or impractical to have each member of the Class execute this Stipulation of Settlement.

16  The Notice of Pendency of Class Action and Proposed Settlement and Claim Form, attached as

17  Exhibit "A" hereto, will advise all Class Members of the binding nature of the release, and the

18  release will have the same force and effect as if this Stipulation of Settlement were executed by each

19  member of the Class.

## PUBLIC COMMENT

21  68.  Plaintiff and Defendant, and their respective counsel, recognize and accept

22  that the Parties desire that the terms of this Stipulation, the fact of the settlement embodied in this

23  Stipulation, the disposition of the Action, and all matters relating to the litigation of the Action,

24  including discovery and mediation proceedings therein, and evidence obtained during this Action or

25  any Related Cases, will not be discussed with or presented to the media.  Accordingly, Plaintiff and

26  Class Counsel will not initiate or have any communications at all with the media, other than to direct

27  the media to the public records of the Settlement on file with the Court, or post any advertisements

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1    or marketing information seeking other clients to represent in other lawsuits against Defendant,

2    including on websites, regarding this Settlement and its terms.

3         69.     Notwithstanding the above Paragraph, Defendant agrees Class Counsel may

4    represent to the Court that in part because of this Action, Defendant is in the process of changing its

5    compensation practices to separately compensate California-resident drivers for rest breaks and on-

6    duty not driving time.

7                            **COUNTERPARTS**

8         70.     This Stipulation of Settlement may be executed in counterparts, and when

9    each Party has signed and delivered at least one such counterpart, each counterpart will be deemed

10   an original, and, when taken together with other signed counterparts, will constitute one Stipulation

11   of Settlement, which will be binding upon and effective on all Parties.

12

13                          TAMI LONG

14   Dated: Y-29-16

15                          Plaintiff TAMI LONG

16

17                          COVENANT TRANSPORT, INC.

18

19   Dated: _____  _____

20

21                          Please Print Name of Authorized Signatory

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

28.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

or marketing information seeking other clients to represent in other lawsuits against Defendant, including on websites, regarding this Settlement and its terms.

69.     Notwithstanding the above Paragraph, Defendant agrees Class Counsel may represent to the Court that in part because of this Action, Defendant is in the process of changing its compensation practices to separately compensate California-resident drivers for rest breaks and on-duty not driving time.

## COUNTERPARTS

70.     This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation of Settlement, which will be binding upon and effective on all Parties.

**TAMI LONG**

Dated: _____

Plaintiff TAMI LONG

**COVENANT TRANSPORT, INC.**

Dated: _8/31/16_

_R.H. Frvin Jr_

_R.H. Lovin Jr._
Please Print Name of Authorized Signatory

28.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

# APPROVED AS TO FORM

Dated: August 31, 2016

Richard H. Rahm
Kai-Ching Cha
Perry K. Miska, Jr.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
COVENANT TRANSPORT, INC.

Dated: August ___, 2016

Craig J. Ackermann
ACKERMANN & TILAJEF

Attorneys for Plaintiff
TAMI LONG

Dated: August ___, 2016

Jonathan Melmed,
MELMED LAW GROUP, P.C.,

Attorneys for Plaintiff
TAMI LONG

Firmwide:140998612.3 069683.1004

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case 1:15-cv-00278-TRM-SKL   Document 42-1   Filed 11/10/16   Page 31 of 44   PageID #: 297

**APPROVED AS TO FORM**

2

3   Dated: August ___, 2016

4

5                                           _____
6                                           Richard H. Rahm
                                            Kai-Ching Cha
7                                           Perry K. Miska, Jr.
                                            LITTLER MENDELSON, P.C.
8
                                            Attorneys for Defendant
9                                           COVENANT TRANSPORT, INC.

10  Dated: August _31_, 2016

11

12                                          _____
13                                          Craig J. Ackermann
                                            ACKERMANN & TILAJEF
14
                                            Attorneys for Plaintiff
15                                          TAMI LONG

16  Dated: August ___, 2016

17                                          _Jonathan Melmed_____
18                                          Jonathan Melmed,
                                            MELMED LAW GROUP, P.C.,
19
                                            Attorneys for Plaintiff
20                                          TAMI LONG

21

22
    Firmwide:140998612.3 069683.1004
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

29.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | |
|---|---|
| TAMI LONG, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COVENANT TRANSPORT, INC., a Tennessee corporation,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00278-TRM-SKL<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; HEARING DATE FOR FINAL COURT APPROVAL OF SETTLEMENT**<br><br>Judge:  Hon. Travis R. McDonough<br><br>Courtroom:  1A |

TO:　ALL CURRENT AND FORMER CALIFORNIA-RESIDENT TRUCK DRIVERS EMPLOYED BY COVENANT TRANSPORT, INC. ("COVENANT" OR "DEFENDANT") WHO WERE PAID ON A PIECE-RATE FORMULA CONSISTING OF A "PER-MILE" AMOUNT AND WHO WERE EMPLOYED BY COVENANT DURING THE CLASS PERIOD AT ANY TIME DURING THE PERIOD FROM AUGUST 17, 2011 TO [DATE OF PRELIMINARY APPROVAL]:

　　　　PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION.  IF YOU ARE A CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHT TO MAKE A CLAIM FOR PAYMENT OR TO ELECT NOT TO BE INCLUDED IN THE CLASS AS FURTHER DESCRIBED BELOW.  THIS NOTICE REQUIRES THAT YOU SUBMIT A CLAIM FORM OR A REQUEST FOR EXCLUSION ON OR BEFORE [45 CALENDAR DAYS FROM THE DATE OF MAILING], IF YOU WISH EITHER TO RECEIVE PAYMENT FOR YOUR SHARE OF THE CLASS SETTLEMENT OR TO BE EXCLUDED FROM THE CLASS SETTLEMENT.

　　　　Pursuant to the order of the United States District Court, Eastern District of Tennessee, Chattanooga Division entered on [Date], you are hereby notified that a settlement has been reached between the parties in *Tami Long, et. al., v. Covenant Transport, Inc.* concerning claims asserted in the Complaint ("*Long* Action").  The Plaintiff in the *Long* Action proposes to represent a class of California-resident truck drivers who were paid on a piece-rate formula consisting of a "per-mile" amount and who were employed by Covenant at any point during the period between August 17, 2011 and [date of preliminary approval] ("the Covenant Settlement Class").  This Notice is being sent to you because Covenant's records indicate that you are potentially a member of the Settlement Class.  If this information is inaccurate, and you are not a member of the Settlement Class, you may disregard this Notice.  However, if this information is accurate, this Notice is designed to advise you of how you can participate in this settlement, be excluded from it, or object to it.

## 1.　BACKGROUND OF THE CASE

　　　　A former employee of Covenant is Plaintiff and Class Representative in a class action ("Plaintiff" or "Class Representative") that was filed in the Superior Court of California, County of Los Angeles, on August 17, 2015, whereby she represents both herself and all similarly situated individuals employed by Covenant since August 17, 2011 (the "*Long* Action").  On September 17, 2015, the case was removed to the United States District Court for the Central District of California.  The case was then transferred to the United States District Court for the Eastern District of Tennessee, Chattanooga Division on October 6, 2015.  Plaintiff and Covenant will be collectively referred to throughout this Notice as the "Parties."

NOTICE OF PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

The Plaintiff in the *Long* Action alleges causes of action against Covenant under the California Labor Code, the California Business and Professions Code, and the California Private Attorneys General Act ("PAGA"), for failure to pay separately and hourly for time spent by drivers on rest breaks and on-duty not driving time, failure to provide paid rest periods and pay missed rest break premiums, failure to provide meal periods, failure to pay missed meal break premiums, failure to provide accurate wage statements, failure to pay final wages when due at termination, waiting time penalties, and failure to reimburse business expenses. The *Long* Action Plaintiff seeks payment of unpaid wages, injunctive relief, penalties, restitution, interest, costs and attorneys' fees. Covenant denies all of Plaintiff's claims and has raised various factual and legal defenses to those claims, and has agreed to the proposed settlement without any admission of wrongdoing.

**The Court has not made a determination about the validity of any of the Parties' claims. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of the claims or defenses asserted by either side.** There have been ongoing investigations and substantial exchanges of information. As a result of settlement discussions, the Parties reached a class settlement.

The Parties have entered into a settlement agreement, which has been given preliminary approval by the Court. The "Settlement Class" is defined as follows:

> All current and former California-resident truck drivers who were paid on a piece-rate formula consisting of a per-mile amount and who were employed by Defendant at any time during the period from August 17, 2011, to the date of preliminary approval, or within six months of the Parties' June 14, 2016 mediation date, whichever is sooner.

Members of the Settlement Class may also be referred to herein as "Class Members."

If you are part of the Settlement Class as defined above, you have the opportunity to participate in the settlement, as set forth below.

## 2. SUMMARY OF THE PROPOSED SETTLEMENT

The Class Representative and her attorneys ("Class Counsel") support this settlement. Among the reasons given for support are the defenses to liability potentially available to Covenant, the inherent risk of a trial on the merits, and the costs and delays associated with litigation.

Under the terms of the settlement Covenant has agreed to pay $500,000.00 ("Settlement Amount") to settle the claims asserted in the *Long* Action. The Settlement Amount includes all settlement payments to the Qualified Claimants (*i.e.*, Class Members who decide to participate in the settlement, as explained below), the employee portion of payroll taxes (such as FICA, and any other state and local taxes) on payments attributed to wages, the enhancement award to named Plaintiff, and the payment to the California Labor and Workforce Development Agency ("LWDA") for civil penalties. Also included in the Settlement Amount are all fees and costs to the claims administrator, as well as all Plaintiff's attorneys' fees and costs. The Net Settlement Amount is the amount available for distribution to the Qualified Claimants after the following deductions have been made from the Settlement Amount: (1) Class Counsel's fees up to $166,650.00, which is 33.33% of the Gross Settlement Amount, subject to Court approval; (2) past, present and future reasonable Class Counsel's litigation costs up to $15,000.00, subject to Court approval; (3) an enhancement award to Plaintiff of $8,000.00, subject to Court approval; (4) a payment to the California Labor Workforce Development Agency ("LWDA") in association with the release of claims under California Labor Code, section 2698, *et seq.*, in the amount of $5,000.00; (5) the employee portion of payroll taxes; and (6) claims administration costs estimated not to exceed $28,000.00.

a. **PAYMENTS TO QUALIFIED CLAIMANTS.** Payments shall be made to Class Members who are either currently employed, or for the formerly employed drivers, who properly complete the Claim Form accompanying this Notice, sign and date it and return it to the Claims Administrator in a timely manner ("Qualified Claimants"). Payments to Qualified Claimants will be paid from the Net Settlement Amount. The value of each Qualified Claimant's claim will be determined based on the number of Qualifying Pay Periods of the Class Member. "Qualifying Pay Periods" means the number of pay periods that each Class Member worked during his/her employment with

Covenant as a Class Member during the class period (August 17, 2011 through [date of preliminary approval]). The Net Settlement Amount will be divided by the total number of Qualifying Pay Periods for all Qualified Claimants. The result of this division is referred to as the "Pay Period Value." The amount of recovery that each Qualified Claimant will receive is derived by multiplying that Qualified Claimant's number of Qualifying Pay Periods by the Pay Period Value ("Individual Settlement Payment").

b. **TAX TREATMENT.** Settlement Awards for each Qualified Claimant will be allocated as follows: One-third (1/3) of each Settlement Award will be allocated as unpaid wages for which W-2 forms shall issue and the remaining amount shall be allocated as penalties (one-third (1/3)) and unpaid interest (one-third (1/3)) for which 1099-MISC forms will issue, if required. The Parties agree that all Class Members who receive any Individual Settlement Payment will be solely responsible for any and all tax obligations associated with such receipt. The Parties agree that Covenant shall be responsible for employer-side payroll taxes owing on such payments, which shall be paid in addition to the Settlement Amount.

c. **CLASS COUNSEL FEES & COSTS.** The Parties further agree that, subject to Court approval, the law firms of Ackermann & Tilajef, P.C., Melmed Law Group, P.C., and Burnette, Dobson & Pinchak ("Class Counsel") will receive up to $166,650.00 in attorneys' fees, plus actual costs incurred up to $15,000. These attorneys' fees and costs will be hereinafter referred to as "Class Counsel Fees & Costs." The Class Counsel Fees & Costs will fully compensate and reimburse Class Counsel for any and all of the work performed in the *Long* Action and all work remaining to be performed in fully and finally resolving the *Long* Action, including but not limited to preparing and filing both preliminary and final motions and/or stipulations for securing Court approval of the settlement, making sure that the settlement is fairly and properly administered and defending the settlement in any appeal or other post-approval matter. Covenant will pay such Class Counsel Fees and Costs from the Settlement Amount.

d. **CLASS REPRESENTATIVE'S ENHANCEMENT.** As a condition of the settlement the Parties agree that an enhancement payment will be paid to Plaintiff Tami Long from the Settlement Amount in the amount of $8,000 for serving as a Class Representative. For purposes of this settlement, Covenant stipulates to the reasonableness of the amount and agrees not to oppose a request for the above amount to be paid to the Class Representative in addition to what she would otherwise receive as Qualified Claimant.

e. **PAYMENT TO THE LWDA.** A total of $5,000 from the Settlement Amount will paid to the LWDA pursuant to Labor Code § 2699(i) in satisfaction of Plaintiff's PAGA claim..

f. **ADMINISTRATIVE COSTS.** The Parties agree that CPT Group, Inc. will serve as Claims Administrator. The Parties agree that the costs, fees, charges and expenses of the claims administration, estimated not to exceed $28,000, will be paid from the Settlement Amount.

g. **COVENANT'S FEES AND COSTS.** Defendant Covenant will bear its own attorneys' fees and costs.

h. **QUALIFIED CLAIMANT DEFINED.** "Qualified Claimant" will include currently employed California-resident drivers as well as those members of the Settlement Class who timely submit a Claim Form that is signed and dated. All Claim Forms must be signed and dated to be considered valid.

i. **CLASS MEMBERSHIP WILL BE BASED ON COVENANT'S RECORDS.** Covenant's records will be presumptively valid with respect to determining the amount payable to Qualified Claimants based on the total number of pay periods that they worked during the Class Period. You have the right to challenge the number of pay periods that you worked during the Class Period, as set forth in Section II of the Claim Form. In order to do so, you must complete Section III of the Claim Form (in addition to the rest of the Claim Form). Please note that the only pay periods that count for purposes of this settlement are those pay periods between August 17, 2011 and [DATE

OF PRELIMINARY APPROVAL].

j. **RELEASE.** The Claim Form will contain a release (described in more detail below), which releases Covenant and Releasees (as defined below) from any and all claims each Class Member may have based on the allegations in the *Long* Action.

## 3. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

Your interests as a Class Member are represented by Plaintiff and Class Counsel. Unless you opt out of the Settlement Class, you are a part of the Settlement Class, and you will be bound by the terms of the settlement agreement and any final judgment that may be entered by the Court. Consequently, you will be deemed to have released certain claims against Covenant as described below. As a member of the Settlement Class you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

## 4. SUBMITTING A CLAIM FORM

Anyone who wishes to submit a claim must complete and sign the Claim Form and return it via First Class U.S. Mail or the equivalent to:

> Covenant Claims Administration
> c/o CPT Group, Inc.
> 16630 Aston Street
> Irvine, California 92606

The Claim Form must be postmarked no later than **45 calendar days from the date of mailing** in order to be valid. If the Claim Form is sent from within the United States it must be sent through the United States Postal Service via First Class U.S. Mail or the equivalent. If you lose, misplace, or need another Claim Form, you should also contact the Claims Administrator at the address above as well as notify Class Counsel, whose contact information is provided below.

Covenant will not discourage Class Members from timely filing Claim Forms. In addition, state law protects Class Members from retaliation based on their decision to participate in a class action settlement.

## 5. EXCLUDING YOURSELF FROM THE SETTLEMENT

Any person who does not wish to participate in the class settlement may exclude himself or herself (*i.e.*, "opt-out") by submitting a written request for exclusion to the Claims Administrator. The written request for exclusion must clearly and unequivocally indicate your desire to be excluded from the class settlement. The request for exclusion must include your name, address, social security number, request for exclusion, and signature. The written request for exclusion must be returned by First Class U.S. Mail, or the equivalent to:

> Covenant Claims Administration
> c/o CPT Group, Inc.
> 16630 Aston Street
> Irvine, California 92606

The request for exclusion must be postmarked no later than **[45 calendar days from the date of mailing]** to be valid. If the request for exclusion is sent from within the United States, it must be sent through the United States Postal Service via First Class U.S. Mail, or the equivalent.

Any person who submits a complete and timely request for exclusion shall, upon receipt, no longer be a member of the Settlement Class, shall be barred from participating in any portion of the class settlement, and shall receive no benefits from the class settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against Defendant.

NOTICE OF PROPOSED SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL OF SETTLEMENT

**DO NOT SUBMIT BOTH THE CLAIM FORM AND REQUEST FOR EXCLUSION. IF YOU SUBMIT BOTH, THEN THE REQUEST FOR EXCLUSION WILL BE INVALID, YOU WILL BE INCLUDED IN THE SETTLEMENT CLASS, AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE OF CLAIMS DESCRIBED IN SECTION H BELOW.**

6.     **OBJECTION TO SETTLEMENT**

Class Members who do not opt out of the class settlement have the option of objecting to it. Objections to the terms of the settlement must be filed and served no later than **[45 calendar days from the date of mailing]** to be valid. If you intend to object to the settlement but wish to receive your share of the settlement funds, then you must timely submit your Claim Form as stated above. If the Court rejects your objection, then you will still be bound by the terms of the settlement. To object, you must file a written objection and a notice of intention to appear at the Final Approval Hearing currently set for [date], at [time] in Courtroom 1A of the United States District Court for the Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, Tennessee 37402, and send copies to the following:

| | |
|---|---|
| **CLASS COUNSEL** | **COVENANT'S COUNSEL** |
| Craig J. Ackerman, Esq. | Richard H. Rahm, Esq. |
| Ackermann & Tilajef, P.C. | Kai-Ching Cha, Esq. |
| 1180 South Beverly Drive, Suite 610 | Littler Mendelson, P.C. |
| Los Angeles, CA 90035 | 333 California Street, 34th Floor |
| Telephone: (310) 277-0614 | San Francisco, CA 94104 |
| Facsimile: (310) 277-0635 | Telephone: (415) 677-3104 |
| | Facsimile: (415) 743-6542 |
| Jonathan Melmed, Esq. | |
| Melmed Law Group, P.C. | **CLAIMS ADMINISTRATOR** |
| 1180 South Beverly Drive, Suite 610 | Covenant Claims Administration |
| Los Angeles, CA 90035 | c/o CPT Group, Inc. |
| Telephone: (310) 824-3828 | 16630 Aston Street |
| Facsimile: (310) 862-6851 | Irvine, CA 92606 |
| | |
| Donna Mikel, Esq. | |
| Burnette, Dobson & Pinchak | |
| 711 Cherry Street | |
| Chattanooga, TN 37402 | |
| Telephone: (423) 266-2121 | |
| Facsimile: (423) 266-3324 | |

Any written objection(s) must state each specific reason in support of your objection and any legal support for each objection. Your objection must also state your full name, address, telephone number, and the dates of your employment with Covenant. **To be valid and effective, any objection to the approval of the settlement must be filed with the Clerk of the Court and served upon and received by the Claims Administrator and each of the above-listed attorneys no later than [45 calendar days from the date of mailing]. DO NOT TELEPHONE THE COURT.**

If you choose to file an objection to the terms of the settlement, you may enter an appearance in propria persona (meaning you choose to represent yourself) or through your own attorney. To do so, you must file an entry of appearance with the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, and deliver copies to each of the attorneys listed above. Such entry of appearance must be filed with the Court and delivered to the above attorneys no later than [45 calendar days from the date of mailing]. You will then continue as a Class Member either *in propria persona* or with representation by your own attorney and will be solely responsible for the fees and costs of your attorney. The Final Approval Hearing at which the Court will be asked to approve the settlement will be held at [time] on [date], or such later date as the court may authorize, in Courtroom 1A of the United States District Court for the Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, Tennessee.

NOTICE OF PROPOSED SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL OF SETTLEMENT

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT BUT STILL WISH TO RECEIVE YOUR SHARE OF THE CLASS SETTLEMENT FUNDS, THEN YOU MUST TIMELY SUBMIT YOUR CLAIM FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS BUT WILL STILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE OF CLAIMS DESCRIBED IN SECTION 8 BELOW.**

7.    **EFFECT OF DOING NOTHING**

You are not required to take any action by reason of receipt of this Notice. If you do not submit a Claim Form or do not exclude yourself from the class, you will be bound by this settlement, receive none of the settlement proceeds, and be barred from separately pursuing the claims released by the settlement described in Section 8 below.

8.    **EFFECT OF THE SETTLEMENT**

    A.    **Released Claims**

Each Class Member who does not opt out of the settlement, shall, for the period of time extending from August 17, 2011 to [the date of preliminary approval], fully release and forever discharge Covenant and its present and former officers, directors, employees, shareholders, agents, representatives, attorneys, insurers, parent companies, subsidiaries, affiliates, predecessors, successors, assigns, (the foregoing are collectively referred to as the "Releasees") from the Released Claims.

"Released Claims" mean the claims to be released by the Class Members during the Class Period. The Released Claims consist of any and all claims, cause of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy at law or in equity asserted by Plaintiff against Defendant in the *Long* Action, including: (1) failure to pay separately and hourly for time spent by drivers on rest breaks and on-duty not driving time, pursuant to Labor Code sections 1194, 1194.2; (2) failure to provide paid rest periods and pay missed rest break premiums, pursuant to Labor Code sections 226.7, 512, IWC Wage Order no. 9; (3) failure to provide meal periods and pay meal period premiums, pursuant to Labor Code sections 226.7, 512; (4) failure to provide accurate wage statements, pursuant to Labor Code section 226; (5) waiting time penalties, pursuant to Labor Code sections 201 – 203; (6) failure to reimburse business expenses, pursuant to Labor Code section 2802; (7) penalties under the Labor Code Private Attorney Generals Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq.*; and (8) Violation of California Business and Professions Code sections 17200, *et seq.* (the "UCL"), and any statutory or liquidated damages based on the above alleged causes of action. The Released Claims include any and all other claims under federal law (including the Fair Labor Standards Act), state or local law arising from or reasonably related to the facts alleged in the *Long* Action. The Released Claims also include claims for damages, restitution, injunctive relief, declaratory relief, and any other form of relief or remedy (whether based on contract, tort, or statutory violation), as well as claims for interest, costs and attorneys' fees (including those costs and attorneys' fees pursuant to, but not limited to, Labor Code sections 218, 218.5, 1194, 2699, and Code of Civil Procedure section 1021.5), arising from or reasonably related to the facts alleged in the *Long* Action.

If you fall within the definition of the Settlement Class *and* you do *not* elect to exclude yourself from the Settlement Class, *you will be deemed to have entered into this release and to have released the above-described claims even if you do not timely submit a Claim Form.* In addition, you will be barred from ever suing the Releasees with respect to the matters being settled and released in this settlement. If the settlement is not approved by the Court or does not become final for some other reason, then the litigation will continue.

**B.  Settlement Payments**

Qualified Claimants will be paid within approximately forty-five (45) calendar days after entry of an order granting final court approval of the settlement by the Court, or, if there is any objection to the settlement that is not withdrawn, then after all rights to appeals are exhausted.

**9.  FINAL SETTLEMENT APPROVAL HEARING**

The Court will hold a hearing on [DATE], at [TIME], in Courtroom 1A of the United States District Court for the Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, Tennessee 37402, to determine whether the settlement, including all its terms, should be finally approved as fair, reasonable, and adequate (the "Final Approval Hearing").  The Court will also be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses and the Enhancement Award paid to the Class Representative.  Class Counsel's application for attorneys' fees and reimbursement of expenses will be on file with the Court no later than [DATE], and will be available for review after that date.  A summary of Class Counsel's work on this case to date, including their estimated total combined hours worked on this case to date and their estimated litigation costs incurred to date, was included in Class Counsel's Motion for Preliminary Approval of the Settlement, which is already on file with the Court and available for review.

**The final approval and fairness hearing may be continued (moved to another date) without further notice to the Settlement Class.  It is not necessary for you to appear at the Final Approval Hearing unless you have timely filed an objection with the Court.**

**10.  ADDITIONAL INFORMATION**

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you are referred to the detailed Stipulation of Class Action Settlement and Release Between Plaintiff and Defendant (the "Stipulation") and Order thereon, which will be on file with the Clerk of the Court, under Case No. 1:15-cv-00278-TRM-SKL.  The pleadings and other records in this litigation, including the Stipulation, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Tennessee, 900 Georgia Avenue, Chattanooga, Tennessee 37402.  You can also request a copy of the Stipulation by contacting Class Counsel. If you want any additional information about this lawsuit and its proceedings, you can contact Class Counsel or the Claims Administrator:

**CLASS COUNSEL**
Craig J. Ackerman, Esq.
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Telephone: (310) 277-0614
Facsimile:  (310) 277-0635

Donna Mikel, Esq.
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402
Telephone: (423) 266-2121
Facsimile: (423) 266-3324

Jonathan Melmed, Esq.
Melmed Law Group, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Telephone: (310) 824-3828
Facsimile:  (310) 862-6851

**CLAIMS ADMINISTRATOR**
Covenant Claims Administration
c/o CPT Group, Inc.
16630 Aston Street
Irvine, CA 92606

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

NOTICE OF PROPOSED SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL OF SETTLEMENT

# EXHIBIT B

# CLAIM FORM

*Tami Long, et. al., v. Covenant Transport, Inc.*

**In order to be eligible to receive any monetary recovery, you must be a member of the Settlement Class and must complete, sign and mail this Claim Form by first class mail or equivalent, postage paid, postmarked on or before [45 calendar days from the date of mailing], addressed as follows:**

CPT ID: <<CPT ID>>
<<Name>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

CORRECT NAME AND ADDRESS HERE:
_____
_____
_____
_____
Telephone Number: ( __ __ __ ) __ __ __ - __ __ __ __

## TAMI LONG V. COVENANT TRANSPORT, INC.
## CLAIMS ADMINISTRATION
C/O CPT GROUP, INC.
16630 ASTON STREET
IRVINE, CA 92606
\* A SELF-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE.

## I.      INSTRUCTIONS

1.    Please complete, sign and mail this Claim Form in order to be eligible for monetary recovery.

2.    If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

3.    If found eligible, you should not expect to receive any payment until approximately [INSERT DATE].

## II.      CLAIM INFORMATION:

The records of Covenant Transport, Inc. ("Covenant" or "Defendant") reflect that you worked the following number of weekly pay periods as a driver for Covenant between August 17, 2011 and [date of preliminary approval]: _____. Based on the number of weekly pay periods you worked as a driver during the class period, your Estimated Payment under the Settlement will be [EST. AMOUNT]. The Estimated Payment may increase based on the number of Claim Forms submitted, but it will not decrease.

Is this number of pay periods during the Class Period accurate to the best of your knowledge?

☐   Yes

☐   No

If you answered no, please provide specific information and written documentation regarding the number of pay periods you worked as a driver for Covenant during the Class Period.

_____

_____

_____

_____

If you dispute the number of pay periods as stated above, Covenant will review its records and provide information to the Claims Administrator in response to your dispute. Covenant's records will be presumed determinative, but the Claims Administrator will evaluate the documents and/or information sent by you, consult with the Parties' counsel, and make the decision as to the correct calculation. Such a determination by the Claims Administrator will be final and binding with no opportunity for further appeal. You will be notified in writing of the results of the disputed claim by the Claims Administrator.

Please Note: All Settlement Awards are subject to taxation as wages and will be reported to the IRS and state tax authorities. You will receive IRS Forms W-2 and MISC covering your Settlement Award. Although Covenant has your Social Security Number, your check will be issued by the Claims Administrator using your Social Security Number ("SSN").

IV.    **RELEASE OF CLAIMS**

By signing below I fully release and forever discharge Covenant Transport, Inc. and its present and former officers, directors, employees, shareholders, agents, representatives, attorneys, insurers, parent companies, subsidiaries, affiliates, predecessors, successors, assigns (the foregoing are collectively referred to as the "Releasees") from the Released Claims for the period of time extending from August 17, 2011 to [the date of preliminary approval] (the "Class Period").

"Released Claims" mean the claims to be released by the Class Members during the Class Period. The Released Claims consist of any and all claims, cause of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy at law or in equity asserted by Plaintiffs against Defendant in the Complaint in the class action titled *Tami Long, et. al., v. Covenant Transport, Inc.* ("the *Long* Action") including: (1) failure to pay separately and hourly for time spent by drivers on rest breaks and on-duty not driving time, pursuant to California Labor Code sections 1194, 1194.2; (2) failure to provide paid rest periods and pay missed rest break premiums, pursuant to California Labor Code sections 226.7, 512, IWC Wage Order no. 9; (3) failure to provide meal periods and pay missed meal period premiums, pursuant to California Labor Code sections 226.7, 512; (4) failure to provide accurate wage statements, pursuant to California Labor Code section 226; (5) waiting time penalties, pursuant to California Labor Code sections 201 – 203; (6) failure to reimburse business expenses, pursuant to California Labor Code section 2802; (7)

2

penalties under the California Labor Code Private Attorney Generals Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq.*; and (8) Violation of California Business and Professions Code sections 17200, *et seq.* (the "UCL"), and any statutory or liquidated damages based on the above alleged causes of action. The Released Claims include any and all other claims under federal law (including the Fair Labor Standards Act), state or local law arising from or reasonably related to the facts alleged in the *Long* Action. The Released Claims also include claims for damages, restitution, injunctive relief, declaratory relief, and any other form of relief or remedy (whether based on contract, tort, or statutory violation), as well as claims for interest, costs and attorneys' fees (including those costs and attorneys' fees pursuant to, but not limited to, California Labor Code sections 218, 218.5, 1194, 2699, and California Code of Civil Procedure section 1021.5), arising from or reasonably related to the facts alleged in the *Long* Action.

**I understand that Covenant will not retaliate against me because of my participation as a class member in this settlement, including but not limited to the submission of a claim.**

I affirm that I am entitled to a Settlement Award for the Released Claims, that the foregoing release is voluntary and true and correct, and that I would like to claim my settlement award.

_____
Date

_____
Signature of Claimant

_____
Print Name

3